SANDI D. JACKSON, individually, )
and as next friend and parent )
of KEELY A. JACKSON, a minor )
child under the age of )
eighteen years old, )
                             )
     Plaintiffs, )
                             )  No. 3:06-0182
v. )  JUDGE ECHOLS
                             )
FRANK NIX, SUSIE YONKERS, )
JEANNIE COLE, AMY BURKE, )
SHANNON ATKINSON, KIM WILSON, )
TERESA TOWERY, AMY NIX, )
KERI CRESS, VIOLA MILLER, all )
sued in their individual )
capacity, )
                             )
     Defendants. )

## <u>MEMORANDUM</u>

Pending before the Court is Defendants' Motion to Dismiss the First Amended Complaint (Docket Entry No. 37), to which Plaintiffs filed a response (Docket Entry No. 42) and Defendants filed a reply (Docket Entry No. 44).

## I.  <u>FACTS</u>

Plaintiff Sandi D. Jackson is the natural mother of minor Plaintiff Keely A. Jackson. Defendant Viola Miller is the Commissioner of the Tennessee Department of Children's Services ("DCS"). In response to the Motion to Dismiss, Plaintiffs agree that Ms. Miller's Motion to Dismiss should be granted. The Court

1

will dismiss Ms. Miller from this lawsuit. The remaining named Defendants are DCS employees.

Plaintiffs allege that, on March 10, 2004, the Defendants took the minor child from Plaintiff Sandi Jackson's custody after a hearing before the Juvenile Court of Sumner County. The child was placed in DCS custody from March 10, 2004, until March 10, 2005. During this time, the child was placed in the foster home of Laurenda Wisenhut until December 23, 2004. The child remained in DCS custody until released to her mother on March 7, 2005.

Plaintiffs allege that the Defendants, individually and in concert with each other, violated Plaintiff Sandi A. Jackson's substantive due process right to care for and raise her minor child without unwarranted interference by the State, as guaranteed by the Fourteenth Amendment to the United States Constitution. Plaintiffs further allege the Defendants seized the minor child without warrant on March 10, 2004, and without an adequate, competent and fair investigation. Plaintiffs allege that, while the minor child was in DCS custody, Defendants placed her in an unsafe environment and deprived both Plaintiffs of their right to be in a societal relationship. Further, Plaintiffs allege the minor child was subjected to unwelcome exposure to religious beliefs by her foster parents against the will of both Plaintiffs.

No other facts concerning the matters at issue are included in the Amended Complaint filed by counsel on May 29, 2006. The

original Complaint filed on March 3, 2006, by Plaintiff Sandi Jackson, *pro se*, spanned eighty-one (81) pages and included extensive factual detail; however, that Complaint is no longer before the Court for its consideration.

Defendants move to dismiss the Amended Complaint on the grounds that Plaintiff Sandi Jackson's claims are barred by the statute of limitations, Plaintiff Keely Jackson's conclusory claims lack sufficient factual support, and Defendants are entitled to qualified immunity.

## II. <u>STANDARD OF REVIEW</u>

In evaluating the Amended Complaint under Federal Rule of Civil Procedure 12(b)(6), the Court must accept as true all of Plaintiffs' allegations and resolve all doubts in Plaintiffs' favor. <u>See</u> <u>Morgan v. Church's Fried Chicken</u>, 829 F.2d 10, 11-12 (6th Cir. 1987). The Court should not dismiss the Complaint unless it appears beyond doubt that Plaintiffs cannot prove any set of facts in support of their claims that would entitle them to relief. <u>See</u> <u>id.</u> at 12. A complaint must contain either direct or inferential allegations respecting all of the material elements to sustain a recovery under some viable legal theory. <u>Scheid v. Fanny Farmer Candy Shops, Inc.</u>, 859 F.2d 434, 436 (6th Cir. 1988).

3

# III. ANALYSIS

## A. Statute of limitations

The Court agrees with the Defendants that Plaintiff Sandi Jackson's claims are time-barred. Tennessee's one-year statute of limitations applies to claims for personal injury brought under 42 U.S.C. § 1983. Tenn. Code Ann. § 28-3-104(a)(3); Sevier v. Turner, 742 F.2d 262, 272 (6th Cir. 1984). The statute of limitations began to run on March 10, 2004, when the minor child was taken from Plaintiff's custody and Plaintiff knew or had reason to know of the alleged injuries that form the basis of this suit. See McCune v. City of Grand Rapids, 842 F.2d 903, 905 (6th Cir. 1988); Minow v. State, 191 F.3d 452, 1999 WL 776307 at *1 (6th Cir. 1999)(unpublished). The limitations period expired on March 10, 2005, nearly one year before Plaintiff filed her *pro se* Complaint on March 3, 2006.

Plaintiff Sandi Jackson's claims cannot survive the limitations bar on a theory of a continuing violation. In Minow the parents alleged that their complaint was timely because their daughter was kept in foster care for six months. The Sixth Circuit rejected the claim, observing that, "[i]f a continuing violation is alleged, the limitations period begins to run when an average person would have been alerted to the need to protect his rights." 1999 WL 776307 at *1. The court held the Minows would have been aware of their claim the day their daughter was taken into state

4

custody and therefore, their claims were time-barred. Id.
Similarly, the fact that the minor child in this case remained in
state custody for nearly a year does not amount to a continuing
violation which would allow Plaintiff Sandi Jackson to avoid the
limitations bar.

Plaintiff generally alleges that her daughter was exposed to
unwelcome religious beliefs while she lived in a foster home, but
Plaintiff does not allege any specific time period when this
occurred. In response to Defendants' Motion to Dismiss, Plaintiff
does not argue that the child's exposure to unwelcome religious
beliefs qualifies as some form of continuing violation to toll the
limitations period against these named Defendants. See Tolbert v.
State of Ohio Dept. of Transp., 172 F.3d 934, 940 (6th Cir. 1999)
(noting defendants' wrongful conduct must continue after the
precipitating event that began the pattern, injury to plaintiff
must continue to accrue after that event, and further injury to
plaintiff must have been avoidable if defendants had at any time
ceased their wrongful conduct). Plaintiff has not alleged that
Defendants even knew of Plaintiff's concern about religious beliefs
or that Defendants failed to take any action concerning this matter
that they were legally required to take. If Plaintiff's concern
arose while the minor child was placed in the Wisenhut foster home,
the Amended Complaint alleges that the foster care placement ended
on December 23, 2004, and Plaintiff's claim would still be time-

5

barred because she did not file suit until March 3, 2006. Thus, the Court concludes that all of Plaintiff Sandi Jackson's claims are barred by the statute of limitations.

Defendants concede that minor Plaintiff Keely Jackson's claims are not time-barred because the limitations period is tolled by her minority.

## B. Qualified immunity

Defendants assert they are protected by qualified immunity against the claims brought against them by the minor Plaintiff. In determining whether a state employee is shielded from civil liability due to qualified immunity, the Sixth Circuit typically employs a two-step analysis: "'(1) whether, considering the allegations in a light most favorable to the party injured, a constitutional right has been violated, and (2) whether that right was clearly established.'" Swiecicki v. Delgado, 463 F.3d 489, 497-498 (6th Cir. 2006) (quoting Estate of Carter v. City of Detroit, 408 F.3d 305, 310-311 (6th Cir. 2005) (citing Saucier v. Katz, 533 U.S. 194, 201 (2001)). The Sixth Circuit also occasionally performs a third step in the qualified immunity analysis. See Estate of Carter, 408 F.3d at 311 n.2. When used, the third step requires inquiry into "'whether the plaintiff offered sufficient evidence to indicate that what the official allegedly did was objectively unreasonable in light of the clearly established constitutional rights.'" Swiecicki, 463 F.3d at 497-

6

498 (quoting case omitted). Since <u>Saucier</u> the Supreme Court has continued to use the two-step approach to qualified immunity, but the Sixth Circuit has noted "the three-step approach may in some cases increase the clarity of the proper analysis." <u>Estate of Carter</u>, 408 F.3d at 311 n.2. If the case at issue is one of the many cases where, if the right is clearly established, the conduct at issue would also be objectively unreasonable, then the Sixth Circuit collapses the second and third prongs in an effort to avoid duplicative analysis. <u>Swiecicki</u>, 463 F.3d at 498. Throughout the analysis, the burden is on the Plaintiff to show that the Defendants are not entitled to qualified immunity. <u>See Silberstein v. City of Dayton</u>, 440 F.3d 306, 311 (6th Cir. 2006).

The Amended Complaint clearly alleges Plaintiff Sandi Jackson's liberty interest in the custody of her own child, <u>see Williams v. Pollard</u>, 44 F.3d 433, 434-435 (6th Cir. 1995), but the Court has now held that such claim is time-barred. Moreover, as Defendants properly argue, <u>Rippy ex. rel. Rippy v. Hattaway</u>, 270 F.3d 416 (6th Cir. 2001), which is cited by Plaintiffs, actually supports Defendants' position on qualified immunity rather than Plaintiffs' position.

The Amended Complaint does not specifically allege the nature of Plaintiff Keely Jackson's constitutional claims against the named Defendants. Reading the Amended Complaint broadly, one might envision that Plaintiff Keely Jackson could possibly assert a claim

7

for her right to be free from the infliction of unnecessary harm in a state-regulated foster home, as recognized by the Sixth Circuit in <u>Meador v. Cabinet for Human Resources</u>, 902 F.2d 474, 476 (6th Cir. 1990), but the Court would have to stretch the principles of liberal pleading to hold that such a claim in specifically pled in the instant Amended Complaint. Moreover, the Amended Complaint does not allege sufficient facts to indicate that state actions were objectively unreasonable in light of any clear constitutional right that is alleged. <u>Williams</u>, 44 F.3d at 435. In the Sixth Circuit's words:

> A plaintiff bringing a section 1983 action should, as a matter of course, "include in the original complaint all of the factual allegations necessary to sustain a conclusion that the defendant violated clearly established law." <u>Dominique v. Telb</u>, 831 F.2d 673, 676 (6th Cir. 1987). If the plaintiff fails to make such allegations, "the court must accord the plaintiff an opportunity to come forward with such additional facts or allegations . . ." <u>Id.</u> The district court failed to accord the Acterhofs such an opportunity in the present case. It may be the case that the defendants' qualified immunity cannot be resolved on the pleadings. If this is so, "then presumably the district court can so hold, and the matter may then either be appealed or proceed on to the discovery stage, after which it might be possible to resolve the issue by appropriate motion for summary judgment." <u>Id.</u> at 677. (citing <u>Anderson v Creighton</u>, 483 U.S. at 646 n.6, 107 S.Ct. at 3042 n.6).

<u>Achterhof v. Selvaggio</u>, 886 F.2d 826, 831 (6th Cir. 1989).

In light of the Sixth Circuit's advice in <u>Achterhof</u>, the Court will give Plaintiff Keely Jackson an opportunity to come forward with factual allegations to support any clearly-established constitutional claim or claims she may have against these

8

Defendants. Therefore, the Court will presently deny Defendants' Motion to Dismiss on the ground of qualified immunity without prejudice to Defendants' right to renew the motion after Plaintiff has had a chance to re-plead. The Court will give Plaintiff Keely Jackson a period of twenty-one (21) days to amend her Amended Complaint to respond to the concerns raised in this opinion.

## IV. <u>CONCLUSION</u>

For the reasons stated, Defendants' Motion to Dismiss The First Amended Complaint (Docket Entry No. 37) will be GRANTED IN PART and DENIED IN PART. The Motion will be GRANTED IN PART because Plaintiff Sandi Jackson's claims are time-barred and Plaintiff agrees that Viola Miller should be dismissed from the suit. The Motion will be DENIED IN PART on the issue of qualified immunity so that Plaintiff Keely Jackson may have an opportunity to plead, if she can, specific factual allegations underlying any clearly-established constitutional claim she may have against these named Defendants. The Motion will be DENIED IN PART without prejudice to Defendants' right to renew the Motion to Dismiss on the issue of qualified immunity after Plaintiff has had an opportunity to re-plead.

An appropriate Order will be entered.

ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE

9